UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IVY MORRIS** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **WAL-MART LOUISIANA, LLC,** | * | **MAGISTRATE:** |
| **WAL-MART STORES, INC. AND** | * | |
| **WAL-MART BUSINESS REAL** | * | |
| **ESTATE TRUST** | * | |

\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**TO:** **The Honorable Judges of the**
   **United States District Court**
   **for the Middle District of Louisiana**

Defendants, Wal-Mart Louisiana, LLC, Walmart Inc. (f/k/a Wal-Mart Stores, Inc.), and Wal-Mart Real Estate Business Trust (incorrectly identified as Wal-Mart Business Real Estate Trust) file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On July 21, 2021, Ivy Morris filed this lawsuit against Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc. and Wal-Mart Business Real Estate Trust ("Walmart") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing case number C-709852 and entitled "Ivy Morris v. Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc. and Wal-Mart Business Real Estate Trust." (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart was served through their agent for service of process, CT Corporation, with a copy of the Citation and Petition on July 26, 2021. (*See* CT Corporation Service of Process Transmittal Notices attached hereto and marked for identification as Exhibit "B.")

3. The suit seeks damages from Walmart for damages allegedly sustained by the plaintiff as a result of an incident that occurred at Walmart located on North Mall Drive in Baton Rouge, Louisiana, on November 27, 2020.

4. Plaintiff alleges in Paragraph X of the Petition that as a result of the aforementioned incident, she has sustained injuries to her body and mind, including her head, neck, back and shoulders, for which she seeks damages to include past and future mental anguish and physical suffering; past and future loss of enjoyment of life; and, past and future expenses for medical care.

5. Plaintiff does not detail the nature of the treatment she is alleged to have received and further fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide lack of jurisdiction in Federal Court due to insufficiency of damages. La. C.C.P. art. 893.

6. On November 30, 2021, plaintiff served upon Walmart through its attorney of record answers to initial interrogatories and responses to requests for production of documents. In answer to interrogatory number 7, plaintiff provides that she has been treated by and/or is presently treating for any injuries suffered by her in the accident with the following healthcare providers: Ann Conn, MD at Advanced Pain Institute, S. K. Purohit, MD at Louisiana Healthcare Associates, and Thomas Francavilla, MD at Tulane Covington Neuroscience Clinic. In answer to interrogatory number 4, plaintiff defers to

Case 3:21-cv-00723-BAJ-RLB  Document 1  12/21/21  Page 3 of 7

her medical records and treating physicians to determine the specifics of said injuries and the treatment relating to the same. In response to request for production of documents number 1, plaintiff submitted the various medical records, including those of Dr. Thomas Francavilla at Tulane who plaintiff first presented to on December 10, 2020 with complaints of low back pain and left leg numbness. Dr. Francavilla notes that he had previously performed L4-5 decompression on July 23, 2019 and plaintiff had done well from that. Following an MRI, which was positive for foraminal stenosis at L3-4 and L4-5, Dr. Francavilla referred the plaintiff to Dr. Ann Conn at the Advanced Pain Institute. Under Dr. Conn's care, plaintiff has undergone three sets of foraminal epidural steroid injections, with the latest being administered on October 6, 2021. In a report from Dr. Francavilla, he provides that plaintiff's surgical option would be a lateral fusion at L3-4 and L4-5, and plaintiff will otherwise continue to work with pain management.

**I.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

6. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

**A.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

7. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864,

3

868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

8. Plaintiff has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

9. While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

10. Walmart Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

11. Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, L.L.C. (GP) and WSE Investment, L.L.C. (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a

Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

12. Wal-Mart Real Estate Business Trust is a business trust organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. One-hundred percent (100%) of the voting shares of beneficial interest in Wal-Mart Real Estate Business Trust are controlled by Wal-Mart Property Co., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. All shares of stock in Wal-Mart Property Co. Are owned by Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

13. Plaintiff is a resident of and domiciled in the State of Louisiana.

14. Accordingly, there is complete diversity of citizenship between the plaintiff and the only properly named defendants.

15. This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE

THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

16. Walmart was served with plaintiff's discovery responses through its attorney of record on November 30, 2021.

17. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

18. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

19. The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

20. No previous application has been made by Walmart in this case for the relief requested herein.

21. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff in proper person , and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

22.     Petitioners, Wal-Mart Louisiana, LLC, Walmart Inc., and Wal-Mart Real Estate Business Trust desire and are entitled to **trial by jury** of all issues herein.

WHEREFORE, defendants, Wal-Mart Louisiana, LLC, Walmart Inc., and Wal-Mart Real Estate Business Trust, hereby remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

/s/ Roy C. Beard
**ROY C. BEARD, ESQ. (#17461)**
**P. SINNOTT MARTIN (#37218)**
**McCRANIE, SISTRUNK, ANZELMO, HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone:   (504) 831-0946
Facsimile:    (800) 977-8810
Email:         rcb@mcsalaw.com
Email:         psm@mcsalaw.com
*Attorneys for Wal-Mart Louisiana, LLC, Walmart Inc., and Wal-Mart Real Estate Business Trust*

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 21st day of December, 2021, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by filing this pleading electronically using the United States District Court for the Eastern District of Louisiana ECF system.

/s/ Roy C. Beard
ROY C. BEARD