UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
STATE OF LOUISIANA

**IVY MORRIS**

**VERSUS**

**WAL-MART LOUISIANA LLC, WAL-MART STORES, INC., AND WAL-MART REAL ESTATE TRUST**

**CIVIL ACTION NO.**

**3:21-cv-00723-BAJ-RLB**

**DISTRICT JUDGE JACKSON**

**MAGISTRATE JUDGE BOURGEOIS, JR.**

<u>**PLAINTIFF'S MEMORANDUM OPPOSING SUMMARY JUDGMENT**</u>

I.      **INTRODUCTION**

Ivy Morris was shopping at Wal-Mart on Black Friday, November 27, 2020, when multiple

65 inch flat screen televisions fell onto her back, causing substantial injuries. A photograph of the

television display that fell onto Ms. Morris is below:



(*See* "Exhibit G" to Wal-Mart's Motion for Summary Judgment, bates stamp 66151-DSC-0010). The televisions were displayed in the same manner before they fell onto Ms. Morris as they are in the photo above. ("Exhibit E" – Keyshaun Davies Dep. 85: 13 – 18). Furthermore, the televisions in the photograph above were put into this position by a "newer associate" of Wal-Mart who restocked the television display before assistant manager Keyshaun Davies did her first walk-through on November 27, 2020, before the incident. ("Exhibit E" – Keyshaun Davies Dep. 68: 3 – 11).

Defendants (collectively referred to as "Wal-Mart") filed a Motion for Summary Judgment arguing that the defective television display, that Wal-Mart's agents and/or employees created, fell onto Plaintiff as a result of a customer bumping into the television display. At the outset, because this is a defective design case, it is no defense that another customer may have touched the display prior to its collapse. For this reason alone, Summary Judgment should be denied.

The evidence shows that the television display was defective and violated multiple rules under Wal-Mart's merchandise display guidelines. Wal-Mart's merchandise display guidelines require that products "remain stable and pass a bump test" when the products are shopped throughout the day. ("Exhibit E" – Keyshaun Davies Dep. 50: 20 – 25, 51: 1 – 6). Wal-Mart associates are tasked with making sure that products remain stable and pass a bump test while these products are being shopped down. ("Exhibit E" – Keyshaun Davies Dep. 51: 14 – 23). Wal-Mart's merchandise display guidelines also require that products cannot hang more than one (1) inch off the side of the stack base when being displayed. ("Exhibit E" – Keyshaun Davies Dep. 27: 1 – 25, 28: 1). If products are hanging off a stack base by more than one inch, Wal-Mart employees "would have to break it down" because it is against Wal-Mart protocol to have products hang more than one inch off of a stack base. ("Exhibit E" – Keyshaun Davies Dep. 31: 24 – 25).

2

Both of the rules in Wal-Mart's protocol were broken in this case. Wal-Mart's assistant manager admitted that, under the assumption that another customer bumped the televisions, the bump test failed. ("Exhibit E" – Keyshaun Davies Dep. 74: 11 – 13, 107: 22 – 25). Also, despite multiple Wal-Mart employees and agents being at or near the television display in the hours leading up to Ms. Morris' incident, no Wal-Mart employee or agent broke down the television display prior to Ms. Morris' fall. (*See* "Exhibit E" – Keyshaun Davies Dep. pages 90, 91, 92, and 93). Wal-Mart assistant manager Keyshaun Davies readily admitted that the televisions were not stacked properly according to her training, and that the televisions were "a tad bit off" and hanging over the side of the stack base, in violation of Wal-Mart's protocol. ("Exhibit E" – Keyshaun Davies Dep. 82: 1, 83: 1 – 3, 114: 14 – 16).

For these reasons discussed more fully below, Defendants' Motion for Summary Judgment should be denied.

## II.    ARGUMENT

### A.  Standard for Summary Judgment

Summary judgment is only proper pursuant to Federal Rule of Civil Procedure 56 when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[2] If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine

---

[1] *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F. 3d 725, 728 (5th Cir. 2010).
[2] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir.2004).

[dispute] for trial."[3] A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the non-moving party.[4] The court should view all facts and evidence in the light most favorable to the non-moving party.[5]

> **B. Ivy Morris' Claim is a Defective Display Case, and the Television Display was Defective, Unreasonably Dangerous, and Not Able to Resist Normal and Foreseeable Forces.**

There are two types of claims that can arise when inventory falls and strikes a customer. In a "falling inventory" case, you need not prove that the display, itself, was defectively designed but you must show that the store employee was the last person to touch the goods. In contrast, a "defective display" case does not require you to show that an employee was the last to touch the merchandise, but has the added proof requirements that the display erected by the store be unable to resist normal and foreseeable contact and shopping conditions within the store.

For authority on "defective display" cases, Louisiana courts have recognized a duty to safely shelve or display merchandise, which specifically includes the foreseeable interactions and touching of the goods by customers. *Stepherson v. Wal-Mart Stores, Inc.*, 34,547 (La.App. 2 Cir. 4/4/01), 785 So.2d 950. Specifically, there is a duty to create displays with some restraint or barrier to prevent inventory from becoming dislodged following foreseeable interactions from customers:

> These dumbbells had been placed in the racks by, obviously, Wal-Mart employees. They were round and coated with exception of a small flattened area on each side. There is no way to determine how many [times] the dumbbells on that shelf had been handled and placed back on the rack by potential purchasers. There is also no way to tell how the Wal-Mart employees placed the dumbbells on the display shelf. This was not and is not the problem of the customer, in this case, Mrs. Stepherson. Additionally, **the Court has concluded that the display shelf itself had no restraint on it which would have prevented the other displayed merchandise from rolling forward if the rounded portion of the dumbbell was**

[3] *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir.2004).
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[5] *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F. 3d 283, 285 (5th Cir. 2006).

4

**in the greatest position.** The Court has concluded that Mrs. Stepherson did not act in a negligent or unreasonable manner when she picked up the merchandise to examine it. In fact, she was acting exactly in the manner Wal-Mart, Inc., wanted her to act. **In this instance the basic laws of physics won out over every other factor. The manner in which this merchandise was displayed and the fact that there was no forward restraint caused this event to occur**.

*Id.*, at 955-56 (emphasis added), citing *Smith v. Toys "R" Us, Inc.*, 98-2085 (La. 11/30/99), 754 So.2d 209. When the merchant has failed to do so, it is no defense to allege that another customer caused the merchandise to fall:

Not only was it foreseeable but the merchant expected and anticipated that customers would handle and move this merchandise. Mrs. Stepherson did nothing that was not anticipated by Wal-Mart and **neither her conduct nor that of another customer was an intervening cause** absolving Wal-Mart from liability.

*Id.*, at 956 (emphasis added). In essence, when customer touching or bumping is foreseeable, a store cannot blame customers for bumping the display and causing merchandise to fall, there must be some type of restraint to secure the merchandise against these foreseeable forces.

While *Stepherson* is one of the earliest cases setting forth the defective display concept, it is by no means the only authority. Some of the other cases explaining the defective display theory include, but are not limited to:

- *King v. Toys "R" Us-Delaware, Inc.*, 35,461 (La. App. 2nd Cir. 1/23/02), 806 So.2d 969 – Regarding the defective display theory in the context of a defense Motion for Summary Judgment premised on the fact that a young girl shopping in the store may have touched the display prior to merchandise falling, the court stated: "Even if the young girl grabbed or shook the shelf, this fact by itself does not relieve the defendant of liability." The court went on to commend that the young girl's contact should not have been enough to "topple an 18-pound box that was properly shelved." *Id.*, at 927.

- *Cullivan v. Wal-Mart Stores, Inc.*, Civil Action No. 17-00840, 2018 WL 1368333 (W.D. La. 3/16/2018) – The plaintiff herself touched the merchandise—a rolled rug standing vertically with other rugs—prior to other rugs falling on her. The Court denied Wal-

Mart's Motion for Summary Judgment finding that Wal-Mart would be liable if "the rugs
were improperly restrained from the danger of falling from the shelves."

- *Bazar v. Home Depot U.S.A., Inc*., Civil Action No. 10-39, 2010 WL 11575046 (M.D.
La. 6/9/2010) - Home Depot could be liable for falling tar rolls that struck the Plaintiff
despite the likelihood that another customer touched the merchandise before it fell
because "Home Depot expected and anticipated that its customers would remove rolls of
tar paper and should have taken appropriate measures to prevent this sort of foreseeable
accident."

Again, this list is illustrative, not exhaustive.

In this case, the televisions were stacked atop a pallet, called the "stack base." This
television display was defective, unreasonably dangerous, and, according to Wal-Mart employees,
"an incident waiting to happen." (*See* "Exhibit D" – Kolynda Parker Dep. 76: 8 – 11). The
television display was defective because each television overhung the edge of the stack base and
based on their position atop the stack base, were unstable and unable to withstand normal,
foreseeable contact. The televisions were not secured to the stack base, which contributed to their
instability. Based on how the televisions were displayed atop the stack base, foreseeable contact
would certainly cause the televisions to fall, resulting in the failure of the bump test. Furthermore,
the space between each television in the product display led to instability. Wal-Mart assistant
manager Keyshaun Davies was asked what could have been done to prevent this incident, and she
responded "[T]he only thing I can see is that the gap that's right there, some more TVs could've
been in that gap." ("Exhibit E" Keyshaun Davies Dep. 111: 24 – 25, 112: 1 – 4). These defects are
plainly visible in the photograph of the television display attached as "Exhibit G."

Wal-Mart foresaw that customers with shopping carts might bump into products, causing
them to fall. ("Exhibit E" – Keyshaun Davies Dep. 42: 23 – 25, 43: 1 – 5, "Exhibit F" – Stephen
Ballard, Wal-Mart Corporate Representative 30(b)(6) Dep. 95: 22 – 25, 96: 1). This is exactly why
Wal-Mart requires that products displayed on a stack base be able to withstand a bump, i.e., the

"bump test." ("Exhibit E" – Keyshaun Davies Dep. 44: 9 – 14, 51: 14 – 23). Unfortunately, no bump test was performed on the television display before the televisions fell onto Ms. Morris, despite Wal-Mart associates consistently standing at the cash register right near the television display in the hour leading to the incident. Had the bump test been performed in accordance with Wal-Mart protocol, the televisions would certainly fail the bump test and the defective product display would be taken down, preventing this incident before it occurred.

Certainly, a merchant cannot escape liability for displaying products in an unsafe manner by simply blaming a third-party for doing something the merchant foresees – bumping into products. This would lead to the absurd result of merchants being immune and absolved from any liability when the merchant creates an unreasonably dangerous product display, and a third party customer bumps into the dangerous product display, leading to another customer's injuries.  In the case at bar, Plaintiff's claims are for the defective display of the televisions, and, for this reason, Wal-Mart's Motion for Summary Judgment should be denied.

**III.    CONCLUSION**

For these reasons, Wal-Mart's Motion for Summary Judgment should be denied.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA  70130
TELEPHONE:  (504) 525-8000
FACSIMILE:  (504) 617-7657
E-MAIL:  Jrichards@morrisbart.com

BY: _____/s/ *John Richards*_____
JOHN RICHARDS, NO. LA35979

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have on this 10th day of March, 2023, served a copy of the foregoing on all counsel of record to this proceeding, by placing same in the U.S. Mail, properly addressed and postage prepaid and/or sending via facsimile, electronic mail, or hand delivery.

_____/s/ *John Richards*_____
JOHN RICHARDS, NO. LA35979