UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IVY MORRIS | CIVIL ACTION |
| VERSUS | |
| WAL-MART LOUISIANA, LLC | NO. 21-00723-BAJ-RLB |

## RULING AND ORDER

On November 27, 2020, "Black Friday," Plaintiff Ivy Morris and her family went shopping at Walmart on Mall Drive in Baton Rouge, Louisiana. (Doc. 19-2 ¶¶ 1-2; Doc. 21-1 ¶¶ 1-2). Plaintiff proceeded to the electronics department and was inspecting a Roku when, unexpectedly, multiple boxed television sets stacked in a display directly behind her toppled over and struck her. (Doc. 19-2 ¶¶ 3-4; Doc. 21-1 ¶¶ 3-4). Plaintiff alleges that she suffered injuries as a result of being hit by the falling TVs, and, in this action, pursues damages from multiple Walmart Defendants (collectively, "Walmart"), asserting premises liability under La. R.S. § 9:2800.6. (Doc. 1-1). Now, Walmart moves for summary judgment, arguing that Plaintiff "cannot put forth any evidence that another customer did not cause the merchandise to fall on her." (Doc. 19 at 1). Plaintiff opposes Walmart's motion. (Doc. 21).

The summary judgment standard is well-set: to prevail, Walmart must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiff—the non-moving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022). "At this stage, the Court does not evaluate the

credibility of witnesses, weigh the evidence, or resolve factual disputes." *Minnis v. Bd. Of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll.*, 55 F. Supp. 3d 864, 873 (M.D. La. 2014) (Jackson, J.). Instead, the question is simply whether the evidence in the record is sufficient so that a reasonable jury, "drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). If the answer is "yes," the motion for summary judgment must be denied. *See id.*

Louisiana law instructs that a "falling merchandise" case is governed by La. R.S. § 9:2800.6(A), which requires a merchant "to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." *See Davis v. Wal-Mart Stores, Inc.*, 2000-0445 (La. 11/28/00), 774 So. 2d 84, 90. "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. § 9:2800.6(A).

> To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident[.] … Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's premises.

*Davis*, 774 So. 2d at 90. "Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures." *Id.*

Here, Walmart challenges only the second element of Plaintiff's prima facie

2

case, arguing that Plaintiff "cannot show that another customer did not cause the televisions to fall on her." (Doc. 19-1 at 7). On this point, however, the evidence conflicts. Walmart cites a grainy surveillance video and deposition testimony from multiple sources (none of whom actually observed the accident in real time) indicating that the "female customer in the pink shirt with the cart" may have bumped the television display, causing the TVs to fall on Plaintiff. (Doc. 19-1 at 12; *see* Doc. 19-2 ¶¶ 8, 11, 14, 15; Doc. 19-5 at 37:24-38:3; Doc. 19-6 at 38:7-11; Doc. 19-8 at 111:2-6; Doc. 19-9 at 76:22-77:4). At the same time, however, Walmart's store manager *and* corporate representative each *concede* that the surveillance video does *not* actually depict a collision between the "pink shirt" customer's shopping cart and the television display (due to the angle of the surveillance camera).[1] (Doc. 19-9 at 77:5-11; Doc. 19-8 at 103:3-24). Additionally, Plaintiff cites deposition testimony from the *same* sources (who, again, did *not* actually observe the accident) stating that in the accident's aftermath, multiple Walmart employees responded and agreed that the TV boxes fell because they were improperly stacked. (Doc. 21-1 at ¶¶ 8, 11; Doc. 19-5 at 38:3-8; Doc. 19-6 at 38:24-39:9). Conspicuously absent from the record is any account from the "customer in the pink shirt" herself.

The Court cannot weigh this competing evidence or make a credibility determination here. *Minnis*, 55 F. Supp. 3d at 873. Rather, these conflicting accounts

---

[1] Having independently viewed the surveillance camera footage, which was manually attached as Exhibit H to Walmart's motion, (*see* Doc. 19-10), the Court agrees that it is inconclusive on the ultimate issue of whether the customer in the pink shirt actually bumped the television display, further supporting the Court's determination that a genuine dispute of material fact precludes summary judgment.

must be resolved by the jury at trial. *See id.* To the point, the evidence in the record is sufficient for a reasonable jury, drawing all inferences in Plaintiff's favor, to return a verdict finding that the "customer in the pink shirt" did *not* cause the televisions to fall. *See Int'l Shortstop, Inc.*, 939 F.2d at 1263. Walmart's motion must be denied. *See id.*; *e.g.*, *Joseph v. Lowe's Home Centers, Inc.*, 2022-694 (La. App. 3 Cir. 5/24/23), 2023 WL 3606325 at *8-10 (reversing summary judgment in favor of merchant where conflicting testimony created genuine dispute regarding whether customer caused merchandise to fall); *Cullivan v. Wal-Mart Stores Inc.*, No. 17cv00840, 2018 WL 1368333, at *4 (W.D. La. Mar. 16, 2018) (Whitehurst, J). (denying summary judgment to merchant where a genuine dispute existed "as to whether Plaintiff caused the merchandise to fall by 'touching' it and/or whether Wal-Mart's failure to use a restraining device was the cause of the accident").

Accordingly,

**IT IS ORDERED** that Walmart's **Motion For Summary Judgment (Doc. 19)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that oral argument on Walmart's Motion for Summary Judgment, currently set for August 8, 2023 at 10:00, be and is hereby **CANCELED**.

Baton Rouge, Louisiana, this 28th day of July, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**